UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80985-CIV-MARRA

JOE HAND PROMOTIONS, INC.,

    Plaintiff,

vs.

JOSEPH SOROTA, *et al.*,

    Defendant.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants', Joseph Sorota ("Sorota") and J&B Motel Corporation (collectively, "Defendants"), Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 15). The motion is fully briefed and ripe for review. The Court has carefully considered the briefs and is fully advised in the premises.

**I. Background**

The Complaint filed in this case alleges that Plaintiff Joe Hand Productions, Inc. ("Plaintiff") entered into a contract for the right to distribute the UFC 118: Edvar v. Penn 2 broadcast scheduled for August 28, 2010, via closed circuit television and encrypted satellite signal. See DE 1at ¶ 14. Plaintiff then entered into subsequent agreements with entities in the State of Florida, which allowed those entities to exhibit the broadcast to their patrons. Id. at ¶15. Defendants or their agents then either intercepted Plaintiff's signal via a cable system, in violation of 47 U.S.C. § 553, or via satellite transmission, in violation of 47 U.S.C. § 605. Id. at ¶ 30. The Complaint alleges violations of 47 U.S.C. § 605 (Count I), violations of 47 U.S.C. § 553 (Count II), and a state law conversion claim (Count III). See DE 1.

## II. Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950. When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

## III. Discussion

Defendants make four challenges to Plaintiff's Complaint: (A) the allegations do not support individual or vicarious liability for Joseph Sorota; (B) Plaintiff fails to state a claim for conversion under Florida law; (C) Plaintiff fails to state a claim under the Cable Communications Policy Act; and (D) Plaintiff fails to join indispensable parties. The Court will address each argument independently.

*A. Vicarious Liability*

Defendants contend that Sorota cannot be held personally liable for any of the counts in the Complaint because Plaintiff failed to put forth sufficient allegations to pierce the corporate veil. Motion at 3-9. Plaintiff argues that its allegations are sufficient because the law will hold

Sorota vicariously liable under 47 U.S.C. § 605 if he had a right and the ability to supervise the violations, and he had a strong financial interest in such activities.  Response at 6 (citing Joe Hand Promotions v. Carl Blanchard *et al*., 2010 WL 1838067 (S.D. Ga. 2010); J & J Sports Productions, Inc. V. Ribeiro, 562 F.Supp. 2d 498, 501 (S.D.N.Y. 2008).  Plaintiff alleges in the Complaint that

> 6.  Upon information and belief, Defendant, JOSEPH SOROTA, is an officer, director, shareholder and/or principal of J & B MOTEL CORP., d/b/a GLASS LOUNGE.
>
> 7.  Upon information and belief, Defendant, JOSEPH SOROTA, was the individual with supervisory capacity and control over the activities occurring within the establishment on August 28, 2010.
>
> 8.  Upon information and belief, Defendant, JOSEPH SOROTA, received a financial benefit from the operations of J & B MOTEL CORP., d/b/a GLASS LOUNGE, on August 28, 2010.

DE 1.  In other parts of the Complaint, Plaintiff alleges that "Defendants and/or their agents, servants, workmen and/or employees" perpetrated the acts that resulted in the statutory violations.  Id. at ¶¶ 17-18, 25.

Generally, in order to hold an officer, director or shareholder of a corporation personally liable for the acts of a corporate entity, Florida courts require persuasive evidence that: (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact nonexistent and the shareholders were alter egos of the corporation; (2) the corporate form must have been used fraudulently or for an improper purpose; and (3) the fraudulent or improper use of the corporate form caused injury to the claimant.  Hillsborough Holdings Corp. v. Celotex Corp., 166 B.R. 461, 468 (M.D. Fla. 1994).  The allegations in the Complaint do not satisfy this strict standard.

3

This Court, however, has held that in order to hold an individual vicariously liable for a violation of 47 U.S.C. § 605, the plaintiff need only show that the individual defendant had the "right and ability to supervise the violations, and that he had a strong financial interest in such activities." Joe Hand Promotions v. Hart, Case No. 11-CIV-80971-KAM (S.D. Fla. 2012).  The Court therefore similarly concludes in this case that both 47 U.S.C. §533 and § 605, and the rights they are intended to protect, are analogous to the rights protected under the Copyright Act.

The well-established standard for establishing vicarious liability in cases involving violations of the Copyright Act is whether an individual had the right and ability to supervise the wrongful conduct and had a direct financial interest in the activities undertaken.  See Klein & Heuchan, Inc. v. Costar Realty Info., Inc., 707 F.Supp.2d 1287, 1296 (M.D.Fla. 2010) (citing Shapiro, Bernstein & Co. v. H.L. Green Co., 316 F.2d 304, 307 (2d Cir.1963)).  Therefore, the Court concludes that the standard for vicarious liability based on a violation of 47 U.S.C. § 533 or 47 U.S.C. § 605 is the same standard imposed in copyright infringement cases.  Plaintiff has properly alleged vicarious liability under the correct standard and was not required to allege facts sufficient to pierce the corporate veil.  Accordingly, the Court denies Defendants motion to dismiss Joseph Sorota.

*B. Conversion*

Defendants challenge both the underlying merits of Plaintiff's conversion claim and the punitive damages sought under that claim.  Under Florida law, the elements of conversion are "(1) an act of dominion wrongfully asserted; (2) over another's property; and (3) inconsistent with his ownership therein."  Special Purpose v. Prime One, 125 F.Supp.2d 1093, 1099-1100 (S.D.Fla. 2000) (citing Warshall v. Price, 629 So.2d 903, 904 (Fla. 4th DCA 1993)).  The Complaint alleges

that "Defendants[] tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit." Complaint at ¶ 32. Defendants claim that Plaintiff has failed to define the word "Program" or allege that it is the property owner of the "Program." Specifically, Defendants assert that Plaintiff's allegation that it possessed the exclusive right to the broadcast in question is insufficient to support a conversion claim.

Under Florida law, a conversion claim "may extend to the wrongful taking of intangible business interests." Total Mktg. Techs., Inc. v. Angel Medflight Worldwide Air Ambulance Servs., LLC, No. 8: 10-cv-2680-T-33TBM, 2012 WL 33150, at *3 (M.D.Fla. Jan. 6, 2012) (citing In re Corbin's Estate, 391 So.2d 731, 732 (Fla. 3d DCA 1980)). In Intelsat Corp. v. Multivision TV LLC, No. 10-21982-CIV, 2010 WL 5437261 (S.D. Fla. Dec. 27, 2010), the court specifically permitted a claim for conversion of satellite services. This Court agrees with the reasoning articulated in Intelsat Corp. and concludes that the broadcast at issue may be the basis of a conversion claim.

Defendants also allege that Plaintiff has not adequately pled a claim of conversion that warrants an award of punitive damages. "In suits for conversion, punitive damages are allowable where the circumstances surrounding the conversion are such as to show fraud, actual malice, deliberate violence, or oppression, such gross negligence as to indicate a wanton disregard of the rights of others, or where the wrong partakes of a criminal character." Foley v. Dick, 436 So. 2d 139, 141 (Fla. 2nd DCA 1983)). The Complaint, however, explicitly alleges that the conversion was "willful, malicious, and intentionally designed to harm Plaintiff . . . and to subject Plaintiff to economic duress." Complaint at ¶ 33. The Court finds this allegation to be sufficient to survive dismissal at this stage.

Accordingly, Defendants motion to dismiss Plaintiff's conversion claim is denied.

C. *Cable Communications Policy Act*

Next, Defendants claim that Plaintiffs have failed to adequately plead a claim under the Cable Communications Pay Act, 47 U.S.C. § 605(a). That statute governs the "receiving, assisting in receiving, transmitting, or assisting in transmitting, [of] any interstate or foreign communication by wire or radio." 47 U.S.C. § 605(a). Also at issue is 47 U.S.C. § 553, which governs the interception, receiving, or assisting to intercept or receive "any communications service offered over a cable system."

The question of which of these two statutes is applicable is relevant because the penalties afforded by each section differ. CSC Holdings, Inc. v. Kimtron, Inc., 47 F.Supp. 2d 1361, 1362 (S.D. Fla. 1999). As articulated by the court in J & J Sports Productions, Inc. v. Allen, 2011 WL 941502 at *2 (N.D. Ga. 2011),

> There is a split among the circuits as to what activity each section covers and how to reconcile potential overlap in the provisions. Some circuits have held that § 605 applies to satellite transmissions and cable programming transmitted over a cable network. See Int'l Cablevision, Inc. v. Sykes, 75 F.3d 123 (2nd Cir.1996) (holding that both § 605 and § 553 cover interception of cable programming transmitted over a cable network). Other circuits have held that only § 553 covers cable programming transmitted over a cable network. See TRK Cable Co. v. Cable City Corp., 267 F.3d 196 (3rd Cir.2001) ("§ 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior or not in connection with, distribution of the service over a cable system,' and no more. Once a satellite transmission reaches a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605."); see also United States v. Norris, 88 F.3d 462, 466 (7th Cir.1996) (affirming district court's finding that "where cable programming is broadcast through the air and then retransmitted by a local cable company over a cable network, § 605 should govern the interception of the satellite or radio transmission through the air, while § 553(a) should govern the interception of the retransmission over a cable network").

6

The Allen court expressly noted that the Eleventh Circuit is silent on the issue, id. at *2, n.4, but ultimately held that it was persuaded by the Third and Seventh Circuit's interpretation that "§ 605 prohibits commercial establishments from intercepting and broadcasting satellite programming, while § 553 addresses interceptions that occur through a cable network." Id.  Other courts within this circuit have similarly embraced the views of the Third and Seventh Circuits.  See e.g., Advanced TeleMedia, L.L.C. v. Charter Communications, Inc., 2006 WL 3422669 at * 10 (N.D. Ga. 2006); CSC Holdings, 47 F.Supp.2d at 1364 ("Congress intended for § 605 to apply to the unlawful interception of cable programming transmitted through the air, while it intended for § 553(a) to apply to the unlawful interception of cable programming while it is actually being transmitted over a cable system.") (quoting United States v. Norris, 88 F.3d 462 (7th Cir. 1996)).

  The Court agrees with its sister courts within the Eleventh Circuit and concludes that section 605(a) governs the unauthorized interception of satellite communications, whereas section 553 governs the unauthorized interception of cable service.  Accordingly, the Court concludes that Plaintiff is not entitled to relief under both statutes for a single act that was either an interception of satellite communications or cable service.  That stated, nothing precludes Plaintiff from pleading in the alternative.  The Complaint states that "Plaintiff is unable to determine the manner in which Defendants obtained the Broadcast."  Complaint at ¶ 18.  The Court therefore defers ruling on this matter until Plaintiff is able to ascertain through discovery the mechanism, if any, utilized by Defendants to intercept the broadcast in question.

  Defendants also argue that because the Complaint has not explicitly alleged that the event in question was transmitted interstate, Plaintiff has failed to state a claim.  Plaintiff concedes that section 605 has an interstate requirement, but responds by asserting:

> It is obvious and should go without say that the illegal broadcast of Ultimate Fighting Championship 118: Edgar v. Penn, a match that occurred in Boston, Massachusetts[,] and which was broadcast by Defendants in Florida, is an interstate communication for purposes of 47 U.S.C. § 605. Defendant ignores that the location of the match was well advertised and discussed before, during and after the match. Further, Defendants' position would unnecessarily require Plaintiff to articulate the obvious, i.e., how the broadcasting of events that occur in one state in another state constitutes "interstate broadcasting."

Response at 9.

The Court rejects Plaintiff's notion that the highly publicized nature of the event exempts it from normal pleading requirements. Section 605(a) explicitly states that it governs only interstate communications and the Complaint fails to allege that the event took place in a different state from where it was shown. Accordingly, the Court will **GRANT** Defendants' Motion to Dismiss Plaintiff's section 605 claim, but will give Plaintiff leave to amend the Complaint to properly allege a claim under that statute.

D.  *Failure to Join Indispensable Parties*

Finally, Defendants seeks to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(7) for failure to join a party under Rule 19. Federal Rule of Civil Procedure 19(a)(1) provides that:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or

>   (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

On a motion to join an indispensable party, the burden is on the movant to demonstrate why that party is required. West Peninsular Title Co. v. Palm Beach County, 41 F.3d 1490, 1492 (11th Cir.1995).

The Court concludes that Defendants have not met their burden of demonstrating why additional parties are necessary to these proceedings. Defendants allege that Plaintiffs have failed to join Steven and Ricardo Sosa, the co-managers of the facility in question, along with Jerry Rodriguez, a promoter that allegedly entered into a contract with the Sosas to show the event in question. Motion at 13. The failure to join these individuals, however, does not satisfy any of the requirements for finding them indispensable parties. Thus, the Court will not dismiss the Complaint because Plaintiff has failed to add these parties.

### IV.  Conclusion

For all the aforementioned reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's Complaint (DE 15) is **GRANTED** with respect to Plaintiff's claim under 47 U.S.C. § 605 for failure to allege interstate communications. Plaintiff is given leave to amend the Complaint to remedy the deficiencies outlined above. Any amended complaint must be filed within 10 days of this Order.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 26th day of June, 2012.

_____
KENNETH A. MARRA
United States District Judge